# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>         Petitioner,<br><br>vs.<br><br><br>DONALD H. BROWN,<br><br>         Respondent. | CASE NO. 12cv1671-MMA (BLM)<br><br>[Consolidated Action]<br><br>**ORDER GRANTING DONALD H. BROWN'S MOTION TO CONFIRM ARBITRATION AWARD**<br><br>[Doc. No. 6]<br><br>**DENYING FIDELITY BROKERAGE SERVICES LLC'S PETITION TO MODIFY OR CORRECT, OR IN THE ALTERNATIVE VACATE, ARBITRATION AWARD**<br><br>[Doc. No. 1] |

   This matter arises out of arbitration proceedings initiated by Respondent Donald H. Brown against Petitioner Fidelity Brokerage Services LLC, related to the purported mismanagement of Brown's investment account. On June 4, 2012, a panel of three arbitrators appointed by the Financial Industry Regulatory Authority ("FINRA") issued an arbitration award in favor of Brown. The award included $350,000 in compensatory damages, $32,000 in costs, and $240,000 in attorneys' fees. Fidelity now petitions for modification of the award, arguing that the panel had no authority to award attorneys' fees. Brown moves to confirm the award in its entirety.[1] For the

---

[1] On September 21, 2012, the Court in its discretion found this matter suitable for resolution on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1., which provides that "[a] judge may, in the judge's discretion, decide a motion without oral argument." *See Court's Minute*

reasons set forth below, the Court **DENIES** Fidelity's petition, **GRANTS** Brown's motion, and **CONFIRMS** the arbitration award.

### DISCUSSION[2]

The Federal Arbitration Act ("FAA") governs the role of federal courts in reviewing arbitral decisions. *See* 9 U.S.C. §§ 1-16. As a guiding principle, "federal court review of arbitration awards is extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992). Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10, 11, provide the exclusive means by which a federal court may upset an arbitration panel's award. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008). Section 10 empowers the Court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Section 11 allows for modification of an award "[w]here the arbitrators have awarded upon a matter not submitted to them." *Id*. § 11(b). These sections are the exclusive means for upsetting an arbitration award; a panel's "erroneous legal conclusions" or "unsubstantiated factual findings" are not grounds for vacating or modifying the award. *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 994 (9th Cir. 2003).

Fidelity contests the panel's award of attorneys' fees. Fidelity argues that the issue of attorneys' fees was not submitted to the panel and that, as a result, the award must be modified to exclude them.[3] Upon review of the record, the Court finds that the issue was submitted to

---

*Order*, Doc. No. 17. Subsequently, Fidelity filed an *ex parte* motion to reset the matter for hearing, arguing that oral argument would be "particularly beneficial" due to the nature of the issues in dispute. *See* Doc. No. 18. Brown, as the moving party, specifically averred that he did not wish to present further argument at a hearing. *See* Doc. No. 16. The submissions of the parties were comprehensive, and include transcripts from the pertinent portions of the underlying arbitration proceedings. The record is sufficient and further argument from the parties is not necessary. Accordingly, the Court respectfully **DENIES** Fidelity's *ex parte* motion.

[2] Because review of this matter is so narrowly circumscribed, and the proceeding to confirm an arbitration award is intended to be summary, a detailed recitation of the underlying facts of the case is not included. *See Northrop Corp. v. Triad Int'l Marketing S.A.*, 842 F.2d 1154, 1157, n.7 (9th Cir. 1988).

[3] Fidelity requests modification or correction, or in the alternative vacatur, of that portion of the award pertaining to attorneys' fees. As the Ninth Circuit has explained, "the Federal Arbitration Act allows a federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative

1 arbitration. First, it is evident from the final award that the arbitration panel "plainly believed" the issue was submitted for their decision. *See Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1321-22 (5th Cir. 1994) (noting that the arbitrator's plain belief of submission is relevant to determine whether it has indeed been submitted). More importantly, the panel received evidence regarding each party's attorneys' fees, held a special session regarding the issue of attorneys' fees, and allowed argument that permitted Fidelity to set forth its legal position. Fidelity thus had the opportunity, which it took, to contest the submission of that issue to the panel before the issuance of the final award. The panel ultimately concluded that both parties submitted the issue of attorneys' fees for review and determined that it had the authority to award attorneys' fees on that basis pursuant to applicable FINRA rules. This conclusion is entitled to "the same level of deference as [the panel's] determination on the merits." *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 733 (9th Cir. 2006).

Brown has requested an award of post-arbitration attorneys' fees. Attorneys' fees are not available under the Federal Arbitration Act. *See Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir.1994) ("[T]here is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts."). However, federal courts may award attorneys' fees if there is a valid contract that provides for the award, an express statutory authority or rule authorizing the award, or if the opposing party has acted "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See U.S. v. Standard Oil Co. of California*, 603 F.2d 100 (9th Cir. 1979) (internal quotations and citations omitted). In this case, there is no contractual or statutory basis for an award of fees.[4] Nor does the "very narrow exception" that permits a punitive award of fees apply in this case. Accordingly, Brown is not entitled to the attorneys' fees incurred as a result of these proceedings.

---

misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp., supra*, 341 F.3d at 997-998. No technical error is at issue, nor does Fidelity accuse the panel of misconduct, irrationality, or manifest disregard for the law. As such, modification is the appropriate remedy in this case.

[4] Because there is no contractual basis for an award of attorneys' fees in this case, Brown's reliance on *Ajida Techs. v. Roos Instruments*, 87 Cal. App. 4th 534, 552 (2001), which concerned a contract provision for fees, is unpersuasive.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Fidelity Brokerage Services LLC's petition to modify or correct, or in the alternative vacate, the arbitration award. The Court **GRANTS** Donald H. Brown's motion and **CONFIRMS** the June 4, 2012 arbitration award. The Clerk of Court is instructed to enter judgment accordingly and terminate this action.

**IT IS SO ORDERED**.

DATED: September 28, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge